**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-00122-01-CR-W-BP** |
| | ) | |
| **MARIO C. CLARK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **<u>REPORT AND RECOMMENDATION</u>**

On July 21, 2026, counsel for Defendant Mario C. Clark filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 17. On July 23, 2026, the Court granted the motion. Doc. 20. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b)-(c). *Id.*

Defendant was designated to Metropolitan Correctional Center – San Diego ("MCC – San Diego") for psychiatric evaluation. On September 21, 2026, the Court granted MCC – San Diego's request for a fifteen-day extension of time to complete the competency evaluation. Doc. 21.

On September 30, 2026, the Court received a forensic evaluation from Alicia Gilbert, Ph.D., who concluded Defendant Clark is not competent to proceed to trial. Doc. 22. In particular, Dr. Gilbert reported Defendant's symptoms "are considered severe because he currently exhibits delusional beliefs, paranoia, disorganized thought processes, pressured speech, agitation, and has difficulty communicating with others." *Id.* at 11. Dr. Gilbert concluded Defendant's symptoms "appear to interfere with his ability to proceed with the legal case against him and work with an attorney." *Id.*

On October 19, 2026, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 24. Counsel for the Government, Jessica Jennings; counsel for Defendant, Steve Moss; and Defendant Clark all appeared in person. Both Government and Defendant's counsel stipulated that the Court could consider Dr. Gilbert's forensic evaluation as if Dr. Gilbert had appeared in person and testified under oath. *Id*. No additional evidence was offered by either party. *Id*. Based on the record before the Court, including Dr. Clark's report (Doc. 22), it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that Defendant Mario C. Clark is incompetent to understand the nature and consequence of the proceedings against him and assist properly in his defense. It is

RECOMMENDED that, pursuant to 18 U.S.C. § 4241(d), the Court enter an order committing Defendant Clark to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable time up to 120 days to determine whether there is a substantial probability that in the foreseeable future, Defendant will attain the capacity to permit the trial to proceed.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice. During the hearing, both parties agreed to waive the objection period.

**IT IS SO ORDERED.**

DATE: October 19, 2026

*/s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE